# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRACI JONES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:16CV1192 JCH |
| ) | |
| BAYER CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, filed August 1, 2016. (ECF No. 16). The motion is fully briefed and ready for disposition.

## BACKGROUND

On or about June 20, 2016, Plaintiffs filed their Petition for Damages in the Circuit Court of the City of St. Louis, Missouri. (Petition for Damages (hereinafter "Complaint" or "Compl."), ECF No. 11). In total, there are 99 Plaintiffs joined to the action.[1] Each Plaintiff claims that she was prescribed and implanted with the Essure system of permanent birth control manufactured by Defendants, and that as a result she "suffered and will continue to suffer from severe injuries and damages, including but not limited to irregular heavy menstrual cycle bleeding, organ perforation, and severe chronic pain which required surgical intervention to remove the Essure coils or will require surgical intervention to remove the Essure coils in the future." (Compl., ¶¶ 464, 470-1036). These claims are alleged to be the result of Defendants' illegal conduct,

---

[1] Plaintiffs are residents of 28 states, including Alabama, Arizona, Arkansas, California, Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Mississippi, Missouri, Nebraska, New Jersey, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, and Wisconsin. (Compl., ¶¶ 63-161).

1

including their "failure to warn of the risks, dangers, and adverse events associated with Essure as manufactured, promoted, sold and supplied by both companies, and as a result of the negligence, callousness, and other wrongdoing and misconduct of [Defendants] as described herein…." (*Id.*, ¶¶ 464, 465). Based on these allegations, Plaintiffs bring claims for negligence, negligence per se, negligence-misrepresentation, strict liability-failure to warn, manufacturing defect, common law fraud, constructive fraud, fraudulent concealment, breach of express warranty, breach of implied warranty, violation of consumer protection laws, Missouri Products liability, violation of the Missouri Merchandising Practices Acts, and gross negligence/punitive damages. (*Id.*, ¶¶ 1049-1268).

Defendants removed the action to this Court on July 20, 2016, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)[2], federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Notice of Removal, ECF No. 1). As noted above, Plaintiffs filed the instant Motion to Remand on August 1, 2016, claiming Plaintiffs' joinder in one action was proper, thus destroying diversity jurisdiction, and no federal question arises from Plaintiffs' Complaint.

**DISCUSSION**

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Removal statutes are strictly construed, however, "and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d

---

[2] Defendants removed on the basis of diversity jurisdiction, despite the lack of complete diversity on the face of the Complaint. In other words, according to Plaintiffs, Plaintiff Cherita Pierce and Defendants Bayer Corporation and Bayer HealthCare LLC are all Pennsylvania residents, Plaintiff Robin Melton and Defendant Bayer Corporation are both Indiana residents, and Plaintiff Dinora Vargas and Defendants Bayer HealthCare LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc. are all New Jersey residents. (Compl., ¶¶ 173-174).

1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *see also Nicely v. Wyeth, Inc.*, 2011 WL 2462060, at *2 (E.D. Mo. Jun. 17, 2011).

## I. Diversity Of Citizenship Jurisdiction[3]

"Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[4] *Manning*, 304 F. Supp. 2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). The diversity jurisdiction statute has been interpreted to require complete diversity, meaning "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original); *see also OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state

---

[3] In their response to Plaintiffs' Motion to Remand, Defendants urge this Court to consider the issue of personal jurisdiction before addressing subject matter jurisdiction. The Supreme Court has held that courts have discretion to consider the issue of personal jurisdiction before considering whether they have subject matter jurisdiction, "where personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult question." *Dorman v. Bayer Corp.*, 2016 WL 7033765, at *1 (E.D. Mo. Dec. 2, 2016) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 588 (1999)). "However, 'in most instances subject-matter jurisdiction will involve no arduous inquiry…[and] both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.'" (*Id.* (quoting *Ruhrgas*, 526 U.S. at 587-88)). *See also Swann v. Johnson & Johnson*, 2014 WL 6850776, at *2 (E.D. Mo. Dec. 3, 2014) (declining to consider issues of personal jurisdiction and venue when the issue of subject matter jurisdiction was straightforward and had already been addressed by judges in this district). Upon consideration, this Court in its discretion will determine the issue of subject matter jurisdiction first, as the question of personal jurisdiction requires a more fact-intensive inquiry. *Dorman*, 2016 WL 7033765, at *1.

[4] There is no dispute in this case that the amount in controversy exceeds $75,000.

where any plaintiff holds citizenship."). Despite the lack of compete diversity on the face of the Complaint, Defendants assert diversity jurisdiction exists because this situation falls within the contours of the fraudulent misjoinder doctrine, which, where it has been adopted, is an exception to the requirement of complete diversity.

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir.) (citing 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3723, at 788-89 (4th ed. 2009)), *cert. denied*, 562 U.S. 963 (2010). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* (citation omitted).

Fraudulent misjoinder is a more recent exception to the complete diversity rule. *In re Prempro*, 591 F.3d at 620. "Fraudulent misjoinder 'occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.'" *Id.* (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L.Rev. 52, 57 (2008)).

The Eighth Circuit in *Prempro* acknowledged the fraudulent misjoinder doctrine, but declined either to adopt or reject it. *See In re Prempro*, 591 F.3d at 622. Instead, the Court concluded that even if it were to adopt the doctrine, the facts of the case before it were not so egregious as to warrant its application. *Id.* The court began its reasoning with the observation that the Eighth Circuit uses a very broad definition for the term 'transaction', as that term applies in the context of permissive joinder under Fed.R.Civ.P. 20. *Id.* Specifically, the term may be understood to "'comprehend a series of many occurrences, depending not so much upon the

4

immediateness of their connection as upon their logical relationship.'" *Id*. (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). The *Prempro* court continued to find that the plaintiffs' claims all arose from a series of transactions between hormone replacement therapy ("HRT") pharmaceutical manufacturers and individuals that used the drugs. *Id.* at 623. This finding was bolstered by the fact that the plaintiffs alleged (1) "the manufacturers conducted a national sales and marketing campaign to falsely promote the safety and benefits of HRT drugs and understated the risks of HRT drugs"; and (2) "they each developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling HRT drugs." *Id.* The court also found there were likely to be common questions of law and fact between the claims, such as the causal link between HRT drugs and breast cancer. *Id.* Based on these findings, the *Prempro* court was unable to conclude that the plaintiffs' claims had "'no real connection' to each other such that they [were] egregiously misjoined." *Id.*

Upon consideration of the reasoning in *Prempro*, the Court finds application of the fraudulent misjoinder doctrine to be inappropriate here as well. "As this Court has found in several recent cases, the joinder of plaintiffs alleging injury from a single drug is not 'egregious,' because common issues of law and fact connect plaintiffs' claims." *Spears v. Fresenius Medical Care North America, Inc.*, 2013 WL 2643302, at *3 (E.D. Mo. Jun. 12, 2013) (collecting cases). "Similarly, plaintiffs in this case have filed suit against defendants for injuries….caused by the same product [Essure] and arising out of the same development, distribution, marketing, and sales practices for that product, and common issues of law and fact are likely to arise in the litigation." *Id.* Thus, while Defendants are correct that there may be some differences between Plaintiffs' claims, the reasoning of *Prempro* compels the conclusion that the fraudulent

5

misjoinder doctrine, even if adopted, is inapplicable. Removal on the basis of diversity jurisdiction thus was inappropriate, as complete diversity between the parties does not exist.

## II.     Federal Question Jurisdiction

In their Notice of Removal, Defendants also invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, asserting that Plaintiffs' claims depend on the resolution of a substantial, disputed federal question and the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress. Judges in this district have rejected this argument in earlier cases, finding it to be nonmeritorious. *See, e.g.*, *Johnson v. Bayer Corp.*, 2016 WL 3015187, at *2-3 (E.D. Mo. May 26, 2016); *Dorman*, 2016 WL 7033765, at *3-4. For the same reasons set forth in the earlier cases, this Court finds the federal issues raised in Plaintiffs' Complaint are not substantial, and accepting federal jurisdiction would disrupt the federal-state balance contemplated by Congress. Thus, the Court lacks federal question jurisdiction as a basis for removal.

## III.    CAFA Jurisdiction

Under CAFA, a "mass action" is defined as "any civil action….in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact…" 28 U.S.C. § 1332(d)(11)(B). In their Notice of Removal, Defendants assert that "[t]he instant [Complaint], together with the petitions in *Dorman* and *Jones*, establish a 'mass action' consisting of 226 plaintiffs." (Notice of Removal, ¶ 67).[5]

---

[5] In their response, Defendants maintain this action, when combined with *Dorman* and *Tenny v. Bayer Corp.*, 4:16CV1189 RLW, form a single mass action subject to federal jurisdiction under CAFA.

In order to propose a joint trial, 100 or more plaintiffs must either (1) be joined in a single complaint, or (2) move to consolidate multiple complaints containing at least 100 plaintiffs, and propose that they be tried jointly. *See Scimone v. Carnival Corp.*, 720 F.3d 876, 881-82 (11th Cir. 2013). As noted above, Plaintiffs here number 99, thus failing to satisfy the first prerequisite, and case law makes clear that separate multi-plaintiff cases may not be aggregated to satisfy the 100 plaintiff requirement of the mass action provision of CAFA. *See, e.g., Anderson v. Bayer Corp.*, 610 F.3d 390, 393-94 (7th Cir. 2010). Finally, Plaintiffs have not moved to consolidate this case with others filed here, and Courts in this district have permitted Plaintiffs to file separate cases, each containing fewer than 100 plaintiffs, in order to avoid removal under CAFA. *See, e.g., Hammonds v. Monsanto Co.*, 2011 WL 5554529, at *2 (E.D. Mo. Nov. 15, 2011); *Dublin v. Monsanto Co.*, 2011 WL 5330571, at *2-3 (E.D. Mo. Nov. 7, 2011); *Walker v. Monsanto Co.*, 2011 WL 5330602, at *1-3 (Nov. 7, 2011). The Court thus lacks CAFA jurisdiction as a basis for removal, and so Plaintiffs' Motion to Remand will be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Motion to Remand (ECF No. 16) is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. A separate Order of Remand will accompany this Memorandum and Order.

Dated this <u>  14th  </u> Day of December, 2016.

\s\   Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE